NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JERRI JOETTE TILLETT,

          Plaintiff-Appellant,

  v.

BUREAU OF LAND MANAGEMENT; et al.,

          Defendants-Appellees.

No. 16-35465

D.C. Nos. 1:15-cv-00048-SPW
              1:15-cv-00061-SPW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

    Jerri Joette Tillett appeals pro se from the district court's summary judgment

in her actions challenging the decisions and actions of defendants Bureau of Land

Management, Interior Board of Land Appeals, and the United States Department of

the Interior (collectively, "BLM") in connection with the management of wild

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

horses on the Pryor Mountain Wild Horse Range ("PMWHR"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *In Def. of Animals v. U.S. Dep't of Interior*, 751 F.3d 1054, 1061 (9th Cir. 2014). We may affirm on any ground supported by the record. *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1030 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Tillett's challenges to BLM's decisions and actions regarding fertility control and gather of wild horses on the PMWHR because Tillett failed to raise a genuine dispute of material fact as to whether those decisions and actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See In Def. of Animals*, 751 F.3d at 1061 (setting forth standards for review under the Administrative Procedure Act ("APA") of BLM decisions and actions implementing the Wild Free-Roaming Horses and Burros Act).

The district court properly determined that it lacked subject matter jurisdiction over Tillett's claim for monetary relief because Tillett failed to show that BLM expressly waived its sovereign immunity for such a claim. *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) (stating that waiver of sovereign immunity for suit for money damages "must be unequivocally expressed," and "[t]he party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity" (citations and internal

16-35465

quotation marks omitted)); *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir. 1998) (the APA does not provide a waiver of sovereign immunity for money damages claims).  The district court also properly determined that it lacked subject matter jurisdiction over Tillett's claim for investigation of BLM's alleged perjury, corruption and other criminal conduct because the district court lacks authority to initiate an investigation.  *See United States v. Edmonson*, 792 F.2d 1492, 1497 (9th Cir. 1986) ("The Executive Branch has exclusive and absolute discretion to decide whether to prosecute." (citation and internal quotation marks omitted)).

Tillett's challenge to the district court's alleged failure to adjudicate her motions for preliminary injunction is dismissed as moot.  *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1449-50 (9th Cir. 1992) (when underlying claims have been decided, reversal of district court's effective denial of a preliminary injunction would have no practical consequences, and the issue is therefore moot).

The district court did not abuse its discretion by granting BLM's motion to strike Tillett's original brief in response to BLM's summary judgment motion because Tillett's brief did not comply with the local rules.  *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003) (setting forth standard of review); *see also* D. Mont. Civ. R. 1.5(a)(2) (requirements for documents filed with court)

& R. 7.1(d)(2) (limitations on length of briefs).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Tillett's contentions regarding alleged misconduct by the magistrate judge and district judge.

**AFFIRMED.**

16-35465